WHIPPLE, J.,
dissenting.
|¶1 respectfully disagree with the majority’s conclusion that the Center proved its entitlement to have this matter first submitted to a medical review panel based solely on the allegations of plaintiffs petition, which must be accepted as true for purposes of this exception and which constitute the entirety of the facts upon which *338 the decision on the exception must be based, given the Center’s failure to offer any evidence regarding the substance of plaintiffs claims herein to support the exception.
As the Louisiana Supreme Court noted in Richard v. Louisiana Extended Care Centers, Inc., 2002-0978 (La.1/14/03), 835 So.2d 460, 469, not all negligent acts by a nursing home will constitute medical malpractice under the MMA. To constitute a medical malpractice claim, the alleged negligent act, even if it involves the “handling of a patient, including loading and unloading of a patient,” must be related to the nursing home resident’s medical treatment at the nursing home under the requirements of Louisiana law. Richard, 835 So.2d at 468-469; Munson v. Lakewood Quarters Limited Partnership, 2006-1428 (La.App. 1st Cir.7/18/07), 965 So.2d 448, 450.
In my view, the allegations of plaintiffs petition alone are inadequate to establish that the alleged negligence was related to treatment or was caused by a dereliction of professional skill and, thus, constituted medical malpractice. The mere fact that plaintiff alleged that her mother, upon admission to the Center as a resident, had been diagnosed with diabetes, hypertension and dementia; was under [2the exclusive care, custody and control of the Center; was restricted to a wheelchair; and required total nursing care simply does not establish that the injuries and resulting death of plaintiffs mother was caused by or during rendition of nursing care or medical treatment, rather than by the mishandling of plaintiffs mother during a routine wheelchair transfer unrelated to any medical treatment. Moreover, the actual allegations that the Center repeatedly assured plaintiff that her mother did not have a fracture of her lower extremity does not necessarily establish, as suggested by the majority, that the cause of action arises from the Center’s failure to discover, diagnose and properly treat the fracture, as opposed to the Center attempting to cover up or hide its acts of negligence in handling plaintiffs mother, which could constitute an intentional tort outside the realm of the MMA. See LSA-R.S. 40:1299.41(A)(12). Indeed, it is clear from a reading of the allegations of plaintiffs petition that plaintiff had not been fully informed by the center about the actions or inactions of its employees that caused her mother’s injuries and resulting death.
Accordingly, in my view, even accepting the allegations of the petition as true, the Center failed to cany its burden, relying on the petition alone, that this matter is actually governed by the MMA and, thus, requires review by a medical review panel. Rather, because the issue of the applicability of the MMA herein cannot be sufficiently determined on the record before us, the case should be remanded for a full evidentiary hearing on whether the purported acts of the Center, negligent and otherwise, constitute medical malpractice under the factors set forth in Coleman v. Deno, 2001-1517 (La.1/25/02), 813 So.2d 303, 315-316. See Richard, 835 So.2d at 469 and Munson, 965 So.2d at 454.
For these reasons, I respectfully dissent.